UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRIAN T. MOFFETT,

    Petitioner,

                 CASE NO. 2:07-CV-12687
  v.              JUDGE AVERN COHN
                 MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS K. BELL,

    Respondent.[1]
              /


## REPORT AND RECOMMENDATION

I.  <u>RECOMMENDATION</u>: The Court should deny petitioner's application for the writ of habeas corpus.

II.  REPORT:

A.  *Procedural History*

  1.  Petitioner Brian T. Moffett is a state prisoner, currently confined at the Parr Highway Correctional Facility in Adrian, Michigan.

  2.  On September 12, 2003, petitioner was convicted of first degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a), pursuant to his guilty plea in the Gratiot County Circuit Court. On October 27, 2003, he was sentenced to a term of 7-20 years' imprisonment.

  3.  Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claim:

> MR. MOFFETT IS ENTITLED TO A RE-SENTENCING BECAUSE THE TRIAL
> COURT MISSCORED OFFENSE VARIABLES 10 (PREDATORY CONDUCT)

---

[1]By Order entered this date, Thomas K. Bell has been substituted in place of Thomas Birkett as the proper respondent in this action.

AND 19 (INTERFERE OR ATTEMPT TO INTERFERE WITH THE ADMINISTRATION OF JUSTICE) AND CAUSED THE SENTENCE THAT HE RECEIVED TO BE A DEPARTURE FROM THE STATUTORY SENTENCING GUIDELINES WITHOUT A COMPELLING REASON TO DEPART.

The court of appeals denied petitioner's application in a standard order, for "lack of merit in the grounds presented." *See People v. Moffett*, No. 255110 (Mich. Ct. App. June 4, 2004).

4. Petitioner, through counsel, sought leave to appeal this issue to the Michigan Supreme Court. Petitioner also raised a second claim:

THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS AT SENTENCING BY DEPARTING ABOVE THE STATUTORY SENTENCING GUIDELINE RANGE BASED ON ALLEGED FACTS WHICH THE PROSECUTOR DID NOT CHARGE AND PROVE BEYOND A REASONABLE DOUBT AT TRIAL OR HAVE APPELLANT ADMIT AT A PLEA.

The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Moffett*, 471 Mich. 953, 690 N.W.2d 113 (2004).

5. Petitioner, through counsel, filed an application for the writ of habeas corpus in this Court, raising the two claims that he raised in the Michigan Supreme Court. On January 12, 2006, the Court dismissed the petition without prejudice because petitioner's second claim had not been exhausted by being presented at each level of the state court system.

6. Petitioner thereafter returned to the trial court, raising his second claim in a motion for relief from judgment pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on April 24, 2006. The Michigan Court of Appeals and Michigan Supreme Court subsequently denied petitioner's application for leave to appeal in standard orders. *See People v. Moffett*, 478 Mich. 867, 731 N.W.2d 724 (2007); *People v. Moffett*, No. 270218 (Mich. Ct. App. Nov. 9, 2006).

7. On June 25, 2007, petitioner, through counsel, filed the instant application for the writ of habeas corpus. As grounds for relief, he raises the two claims he raised in the state courts.

8.      Respondent filed his answer on January 10, 2008. He contends that petitioner's claims are without merit or not cognizable.

B.      *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539

U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However,

"[i]n order for a federal court to find a state court's application of [Supreme Court] precedent

'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state

court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21

(citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether

the state court's decision comports with "clearly established federal law as determined by the

Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme]

Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as

opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In

other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or

principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v.*

*Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the

benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not

require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme

Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts

them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements

of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the

decisions of lower federal courts are useful in assessing the reasonableness of the state court's

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v.*

*Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich.

2002) (Tarnow, J.).

C.      *Analysis*

Petitioner argues that his sentence was based on incorrectly scored guidelines, and that the

scoring of his guidelines violated his Sixth Amendment right to a jury determination of guilt pursuant

to the *Apprendi* line of cases.

To the extent that petitioner's claim is based on the state court's alleged misapplication of the

sentencing guidelines, his claim is not cognizable on habeas review.  A habeas petitioner's claim that

the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings.

*See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th

Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law

unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502

U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir.

1993). Petitioner's claim that the court improperly scored the guidelines range raises an issue of state

law that is not cognizable on habeas review.  *See Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D.

Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied

state sentencing guidelines not cognizable on habeas review).  The same rule precludes petitioner's

claim that the trial court improperly departed from the guidelines. *See Cook v. Stegall*, 56 F. Supp.

2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan

sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas

review).

To the extent that petitioner claims his sentence violated his Sixth Amendment right to a jury

trial because it was based on facts not admitted to in his plea or found beyond a reasonable doubt by

a jury, his claim is without merit.  Petitioner's claim is based on the Supreme Court's *Apprendi* line

of cases. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Blakely*, the Court considered the applicability of *Apprendi* to a state sentencing guidelines scheme similar to the United States Sentencing Guidelines. The state in that case argued that guidelines findings were not prohibited by *Apprendi* because *Apprendi* prohibited only factual findings at sentencing which increased the statutory maximum penalty to which the defendant was exposed. The Court in *Blakely* rejected this argument and struck down the state guidelines scheme, explaining that:

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Blakely*, 542 U.S. at 303-04 (citations omitted) (emphasis in original).

Finally, in *United States v. Booker*, 543 U.S. 220 (2005), the Court took the step logically suggested by *Blakely*, concluding that the United States Sentencing Guidelines are unconstitutional under *Apprendi* because they allow federal judges to impose sentences based on facts not found by a jury beyond a reasonable doubt. Two separate majorities formed the Court's decision. Justice Stevens delivered the opinion of the Court on the substantive question of whether the Guidelines are unconstitutional under *Apprendi*. Noting that there was no difference of constitutional significance between the Guidelines and the state guideline system at issue in *Blakely*, *see Booker*, 543 U.S. at 233, and rejecting the government's attempts to distinguish the two, *see id.* at 237-43, the merits majority concluded that the Guidelines violate the Sixth Amendment as interpreted in *Apprendi*. A separate majority joined an opinion authored by Justice Breyer, which contained the Court's decision on the

6

remedial issue. The remedial majority concluded that the appropriate remedy for the constitutional violation was not to strike the Guidelines in their entirety, but to excise two statutory provisions which make the Guidelines mandatory. *See id*. at 245. Thus, under *Booker* the Guidelines remain advisory, and a federal district judge must consult the Guidelines before imposing sentence, but the judge is not bound to follow the Guidelines.

Petitioner contends that, because the trial court made the necessary findings on the sentencing guidelines, his sentence violates *Blakely*. The Court should conclude that petitioner is not entitled to habeas relief on this claim. Michigan law provides for an indeterminate sentencing scheme, unlike the determinate sentencing schemes at issue in *Blakely* and *Booker*. Under Michigan law the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Drohan,* 475 Mich. 140, 160-61, 715 N.W.2d 778, 789-90 (2006); *People v. Claypool,* 470 Mich. 715, 730 n.14, 684 N.W.2d 278, 286 n.14 (2004); MICH. COMP. LAWS § 769.8. "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set the minimum sentence." *Drohan,* 475 Mich. at 161, 715 N.W.2d at 790. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469 Mich. 247, 255 n.7, 666 N.W.2d 231, 236 n.7 (2003) (discussing MICH. COMP. LAWS § 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *See Claypool,* 470 Mich. at 730 n.14, 684 N.W.2d at 286 n.14.

*Blakely* is inapplicable here because *Blakely* is concerned only with the *maximum* penalty which is authorized by a jury's findings or a defendant's plea: if some additional factor increases the defendant's penalty beyond that which could be imposed solely on the basis of the jury's findings or the defendant's plea, *Blakely* requires that those facts be found by a jury beyond a reasonable doubt

(or be themselves pleaded to by a defendant).  As explained above, unlike the guidelines scheme at issue in *Blakely*, the Michigan sentence guidelines help determine only the minimum portion of a defendant's indeterminate sentence.  The maximum is, in every case, the statutory maximum authorized by law.  *See Claypool*, 470 Mich. at 730 n.14, 684 N.W.2d at 286 n.14; MICH. COMP. LAWS § 769.8. Petitioner's conviction, therefore, contained all of the factual findings necessary to impose the statutory maximum on that charge.  *See Drohan*, 475 Mich. at 162, 715 N.W.2d at 790 ("Thus, the trial court's power to impose a sentence is always derived from the jury's verdict, because the 'maximum-minimum' sentence will always fall within the range authorized by the jury's verdict.").

This being the case, petitioner's sentence did not violate *Blakely* even though the trial court made additional factual findings in imposing the minimum term of petitioner's imprisonment.  The Supreme Court has repeatedly made clear that the *Apprendi* rule is concerned only with the maximum sentence which is authorized by a jury's verdict or a defendant's plea.  As the Supreme Court explained in *Harris v. United States*, 536 U.S. 545 (2002):

> *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime–and thus the domain of the jury–by those who framed the Bill of Rights.  The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict authorized the judge to impose the minimum with or without the finding.

*Harris*, 536 U.S. at 557.  This distinction is important because the only issue under the Sixth Amendment is whether the judge is impinging on the role of the jury.  For this reason, the Court explicitly excepted indeterminate sentencing schemes such as Michigan's from its holding in *Blakely*. Rejecting an argument raised by Justice O'Connor in dissent, the Court explained:

> Justice O'Connor argues that, because determinate sentencing schemes involving judicial factfinding entail less judicial discretion than indeterminate

schemes, the constitutionality of the latter implies the constitutionality of the former. This argument is flawed on a number of levels. First, the Sixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal *right* to a lesser sentence–and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.

*Blakely*, 542 U.S. at 309 (citation omitted).

Under this reasoning, it is clear that Michigan's indeterminate sentencing guideline scheme, under which the maximum is established by statute and only the minimum term is based on judicial factfinding, does not violate the Sixth Amendment. *See Bellamy v. Curtin*, No. 1:06-CV-599, 2007 WL 527988, at *4 (W.D. Mich. Feb. 14, 2007); *Mays v. Trombley*, No. 2:06-CV-14043, 2006 WL 3104656, at *3 (E.D. Mich. Oct. 31, 2006) (Hood, J.); *Worley v. Palmer*, No. 2:06-CV-13467, 2006 WL 2347615, at *2 (E.D. Mich. Aug. 11, 2006) (Cohn, J.); *Toothman v. Davis*, No. 05-CV-74561, 2006 WL 2190515, at *2 (E.D. Mich. Aug. 1, 2006) (Edmunds, J.); *Drohan,* 475 Mich. at 164, 715 N.W.2d at 791-92; *Claypool*, 470 Mich. at 730 n.14, 684 N.W.2d at 286 n.14. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

D.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2008

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on November 7, 2008.

s/Eddrey Butts
Case Manager